JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Elliott Hender and Heather Hendler, h/w

**DEFENDANTS**

Cuz-D Manufacturing, Inc., Cuz-D Industries, Inc. d/b/a Cuz-D Industries, Jake Cuzdey, Kirk Davis and Amazon.Com, Inc. d/b/a Amazon

**(b)** County of Residence of First Listed Plaintiff    Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Thurston County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas A. Lynam, III, Esquire/Leonard G. Villari, Esquire
Villari, Lentz & Lynam, LLC
100 N. 20th Street, Suite 302
Philadelphia, PA 19103    P: 215-568-1990

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [x] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1332 and 1367

Brief description of cause:
Personal Injury under theories of strict liability and negligence

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
February 13, 2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___1329 S. 10th Street, Philadelphia, PA 19147___

Address of Defendant: ___6360 Carpenter Road SE, Lacey, WA 98503, 5002 96th Ave. W, University Place, WA 98467 & 410 Terry Ave. North, Seattle, WA 98108___

Place of Accident, Incident or Transaction: ___2029 E Orleans Street, Philadelphia, PA 19134___

---

*RELATED CASE IF ANY:*

Case Number: ___23-CV-4025___    Judge: ___Kearney___    Date Terminated ___1/5/2024___

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?    Yes ☑   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☑ **is** / ☐ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: February 13, 2024    _____      83817 _____

*Attorney-at-Law (Must sign above)*           *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

| | |
|---|---|
| **A.** *Federal Question Cases:* | **B.** *Diversity Jurisdiction Cases:* |
| ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts) | ☐ 1. Insurance Contract and Other Contracts |
| ☐ 2. FELA | ☐ 2. Airplane Personal Injury |
| ☐ 3. Jones Act-Personal Injury | ☐ 3. Assault, Defamation |
| ☐ 4. Antitrust | ☐ 4. Marine Personal Injury |
| ☐ 5. Wage and Hour Class Action/Collective Action | ☐ 5. Motor Vehicle Personal Injury |
| ☐ 6. Patent | ☐ 6. Other Personal Injury (*Please specify*):_____ |
| ☐ 7. Copyright/Trademark | ☑ 7. Products Liability |
| ☐ 8. Employment | ☐ 8. All Other Diversity Cases: (*Please specify*)_____ |
| ☐ 9. Labor-Management Relations | _____ |
| ☐ 10. Civil Rights | |
| ☐ 11. Habeas Corpus | |
| ☐ 12. Securities Cases | |
| ☐ 13. Social Security Review Cases | |
| ☐ 14. Qui Tam Cases | |
| ☐ 15. All Other Federal Question Cases. (*Please specify*):_____ | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, ___Thomas A. Lynam, III___, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: February 13, 2024    _____      83817 _____

*Attorney-at-Law (Sign here if applicable)*          *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Elliott Hender and Heather Hendler, h/w | : | CIVIL ACTION |
| v. | : | |
| Cuz-D Manufacturing, Inc., Cuz-D Industries, Inc. d/b/a Cuz-D Industries, Jake Cuzdey, Kirk Davis and Amazon.Com, Inc. d/b/a Amazon | : | NO. 24-CV-640 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| February 13, 2024 | | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-568-1990 | 215-568-9920 | tlynam@vll-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Elliott Hendler, et al.

       Plaintiff,

v.                           Civil Action No. 24-CV-640

Cuz-D Manufacturing, Inc., et al.

       Defendant.

**DISCLOSURE OF CITIZENSHIP IN DIVERSITY JURISDICTION CASES**

    Pursuant to Federal Rule of Civil Procedure 7.1(a)(2) where jurisdiction is based on diversity of citizenship, all parties or intervenors in the case must, unless the Court orders otherwise, name and identify the citizenship of every individual or entity whose citizenship is attributable to that party or intervenor.

    Parties and intervenors are reminded that the citizenship of a limited liability company, professional corporation, limited partnership, partnership, and unincorporated association is determined by the citizenship of all its members or partners.

Plaintiff, Elliott Hendler
(Party/Intervenor)

Philadelphia
(Citizenship)

Heather Hendler
(Party/Intervenor)

Philadelphia
(Citizenship)

(Party/Intervenor)

(Citizenship)

February 13, 2024
Date

Signature of Attorney or Litigant
Counsel for Plaintiffs

*Note:  This form must be filed in CM/ECF using your pacer account.  Please select the "Other Documents" category, then select the Disclosure of Citizenship event.  Pro Se Litigants can file using the court's Electronic Document Submission (EDS) | Eastern District of Pennsylvania | United States District Court (uscourts.gov), by mail or in person.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELLIOT HENDLER and HEATHER HENDLER, H/W<br>1329 S. 10th Street<br>Philadelphia, PA 19147 | : <br> : <br> : <br> : <br> : | JURY TRIAL DEMANDED |
| Plaintiffs | : <br> : | |
| v. | : | NO. 24-CV-640 |
| | : | |
| CUZ-D MANUFACTURING, INC.<br>6360 Carpenter Road SE<br>Lacey, WA 98503, | : <br> : <br> : <br> : | |
| CUZ-D INDUSTRIES, INC. d/b/a CUZ-D<br>INDUSTRIES<br>6360 Carpenter Road SE<br>Lacey, WA 98503, | : <br> : <br> : <br> : <br> : | |
| JAKE CUZDEY<br>6360 Carpenter Roade SE<br>Lacey, WA 98503, | : <br> : <br> : <br> : | |
| KIRK DAVIS<br>5002 96TH Ave W.<br>University Place, WA 98467, | : <br> : <br> : <br> : | |
| AMAZON.COM, INC. d/b/a/ AMAZON<br>410 Terry Ave. North<br>Seattle, WA 98108 | : <br> : <br> : <br> : | |
| Defendants. | : | |

**CIVIL ACTION COMPLAINT**

Plaintiffs, Elliot and Heather Hendler, by and through their undersigned attorneys, Villari,

Lentz & Lynam, LLC and Smith Mirabella Blake, say by way of Complaint against Defendants,

as follows:

1.      Plaintiffs, Elliot and Heather Hendler, are adult individuals, *sui juris,* citizens of the Commonwealth of Pennsylvania, and are domiciled at their permanent residence located at 1329 S. 10th Street, Philadelphia, Pennsylvania 19147.

2.      At all times material hereto, Plaintiff Elliot Hendler worked as a residential general contractor for his own business, Hendler's Contracting.

3.      Defendant Cuz-D Manufacturing, Inc. (hereinafter Defendant Cuz-D Manufacturing) is a Washington corporation bearing Unified Business Identifier Number ("UBI#) 603-264-955 with a registered corporate address located at 5705 Lacey Blvd SE, Suite 107, Lacey, Washington 95803.

4.      Defendant Cuz-D Manufacturing's principal place of business is located at 6360 Carpenter Rd SE, Lacey, Washington 98503. Upon reasonable investigation, Plaintiffs were unable to identify any other location and/or address for Defendant's principal place of business.

5.      At all times material hereto, Defendant Cuz-D Manufacturing regularly engages in business activities within the Commonwealth of Pennsylvania, and more specifically, in the City and County of Philadelphia.

6.      At all times material hereto, Defendant Cuz-D Manufacturing acted by and through its duly authorized agents, ostensible agents, work persons, servants and employees, all of whom were working in furtherance of Defendant's business interests.

7.      At all times material hereto, Defendant Cuz-D Manufacturing acted or failed to act by and through its agents, servants, work persons and/or employees, who were then and there acting within the scope of their authority and course of their relationship with Defendant and in furtherance of Defendant's pecuniary interest.

8.      At all times material hereto, Defendant Cuz-D Manufacturing is vicariously liable or otherwise liable and responsible for the acts or omissions of its employees, agents, ostensible agents, independent contractors, servants and/or workmen.

9.      Defendant Cuz-D Industries, Inc. d/b/a Cuz-D Industries (hereinafter Defendant Cuz-D Industries), is a Washington corporation bearing Unified Business Identifier Number ("UBI#) 603-516-478 with a registered corporate address located at 5705 Lacey Blvd SE, Suite 107, Lacey, Washington 95803.

10.      Defendant Cuz-D Industries' principal place of business is located at 6360 Carpenter Rd SE, Lacey, Washington 98503. Upon reasonable investigation, Plaintiffs were unable to identify any other location and/or address for Defendant's principal place of business.

11.      At all times material hereto, Defendant Cuz-D Industries regularly engages in business activities within the Commonwealth of Pennsylvania, and more specifically, in the City and County of Philadelphia.

12.      At all times material hereto, Defendant Cuz-D Industries acted by and through its duly authorized agents, ostensible agents, work persons, servants and employees, all of whom were working in furtherance of Defendant's business interests.

13.      At all times material hereto, Defendant Cuz-D Industries acted or failed to act by and through its agents, servants, work persons and/or employees, who were then and there acting within the scope of their authority and course of their relationship with Defendant and in furtherance of Defendant's pecuniary interest.

14.    At all times material hereto, Defendant Cuz-D Industries is vicariously liable or otherwise liable and responsible for the acts or omissions of its employees, agents, ostensible agents, independent contractors, servants and/or workmen.

15.    Defendant Jake Cuzdey (hereinafter Defendant Cuzdey), against whom allegations of negligence are hereby made, is an adult individual with an address located at 6360 Carpenter Rd SE, Lacey, Washington 98503.

16.    At all times material hereto, Defendant Cuzdey was the owner, governor, director, officer and/or shareholder of Co-Defendants Cuz-D Manufacturing and Cuz-D Industries.

17.    At all times material hereto, Defendant Cuzdey was acting individually and as an agent, ostensible agent, servant, work person, owner, governor, director, officer, and/or shareholder,  of Defendants Cuz-D Industries and Cuz-D Manufacturing, acting within the scope of his authority and/or employment, for and on the business of said Defendants and in furtherance of Defendants pecuniary interest and his own personal benefit.

18.    Defendant Kirk Davis (hereinafter Defendant Davis), against whom allegations of negligence are hereby made, is an adult individual with an address located at 5002 96th Ave W., University Place, WA 98467.

19.    At all times material hereto, Defendant Davis was the owner, governor, director, officer, and/or shareholder of Co-Defendant Cuz-D Industries.

20.    At all times material hereto, Defendant Davis was acting individually and as an agent, ostensible agent, servant, work person, owner, governor, director, officer, and/or shareholder of Defendant Cuz-D Industries. acting within the scope of his authority and/or

employment, for and on the business of said Defendants and in furtherance of Defendants pecuniary interest and his own personal benefit.

21.    Defendant Amazon.com, Inc. ("Amazon") is a Delaware Corporation bearing Delaware filing number 2620453, with a registered corporate address located at 251 Little Falls Drive, Wilmington Delaware, 19808.

22.    Defendant Amazon's principal place of business is located at 410 Terry Ave. North, Seattle, Washington 98108.

23.    At all times material hereto, Defendant Amazon regularly engages in business activities within the Commonwealth of Pennsylvania, and more specifically, in the City and County of Philadelphia.

24.    At all times material hereto, Defendant Amazon as a distributor and seller, placed products into the line of commerce that are purchased by residents in the Commonwealth of Pennsylvania.

25.    At all times material hereto, Defendant Amazon acted by and through its duly authorized agents, ostensible agents, work persons, servants and employees, all of whom were working in furtherance of Defendant's business interests.

26.    At all times material hereto, Defendant Amazon acted or failed to act by and through its agents, servants, work persons and/or employees, who were then and there acting within the scope of their authority and course of their relationship with Defendant and in furtherance of Defendant's pecuniary interest.

27.    At all times material hereto, Defendant Amazon is vicariously liable or otherwise liable and responsible for the acts or omissions of its employees, agents, ostensible agents, independent contractors, servants and/or workmen.

## JURISDICTION

28.    This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 as the matter in controversy exceeds the value of $150,000 and is between citizens of different states.

29.    This Honorable Court has supplemental jurisdiction over Plaintiffs state law claim pursuant to 28 U.S.C. §1367.

30.    Pennsylvania has specific jurisdiction over Defendants Cuz-D Manufacturing and Cuz-D Industries which at all times material hereto directed their activities to Pennsylvania and specifically to derive benefits from this Commonwealth by marketing, distributing and selling their products *via* Amazon to buyers in this state.

31.    Pennsylvania has specific jurisdiction over Defendants Cuzdey and Davis which at all time material hereto directed their activities to Pennsylvania and specifically to derive benefits from this Commonwealth by marketing, distributing, and selling their products *via* Amazon to buyers in this state.

32.    Pennsylvania has specific jurisdiction over Defendant Amazon which at all times material hereto directed their activities to Pennsylvania and specifically derive benefits from this Commonwealth by marketing, distributing, and selling products to buyers in this state from their multiple facilities located within Pennsylvania.

**THE PRODUCT**

33.    At all times material hereto, Defendants Cuz-D Industries and Cuz-D Manufacturing designed, manufactured and sold circular flush cut saws that they identified as the "Straight Flush Saw" (hereinafter "The Product").

34.    The Straight Flush Saw is the only product of its kind on the market because of its inherently dangerous and defective design that ignores numerous regulations and industry standards. A photo of the subject saw is shown below.



35.    The Product is a conventional style worm drive circular saw, but without the industry standard metal blade guards to protect the Product user.

36.    The inherently defective design of the product eliminates blade guarding for the specific purpose of getting the blade closer to objects that are perpendicular to the cut surface, such as a wall.

37.    The Product contains an excessively large diameter blade measuring 8.5 inches, which increases the risk that the saw will bind and kickback towards the operator.  The large blade significantly enhances the risk of injury from a kickback due to the lack of appropriate blade guards.

38.    The Product is defectively designed for use by left-handed users, who make up only approximately 10% of the population.  Right-handed users intending to flush cut a floor against a wall are required to either operate a heavy and powerful tool with their non-dominant hand or to crouch in an awkward position with their right arm across their body, thereby increasing the risk of kickback while in a position that exposes their legs to harm from the unguarded blade during a kickback.

39.    The meager bit of guarding on the interior surface of the blade is manually controlled by a thumb operated lever. This inherently defective design prevents the guard from passively retracting under spring pressure in the event of a kickback. Rather, this defective design requires the operator to instantly loosen his grip to release the thumb operated lever at the very moment that an operator would be strengthening his grip to limit saw travel during a kickback.

40.    The Product comes with a flimsy plastic dust collector that covers the exterior edge of the blade while in place. The dust cover is weak, improperly supported and prone to unintended contact with the blade during use, resulting in the violent detachment of the dust cover that is then launched back towards the user.

41.    Despite the kickback prone design and the lack of blade guards, the Product lacks an electric brake to rapidly stop the blade from spinning upon release of the trigger. Rather, the

unguarded blade continues to spin for up to six (6) seconds as the blade rotation winds down to a stop from its operating speed of 4,940 RPM (82 complete blade revolutions per second).

42.     The dangers presented by the defective design of the Product far outweigh the cost of alternative designs or tools that limit, or completely eliminate, those dangers.  In fact, this defective design exposes the user to significant risk in exchange for very limited utility, merely the eliminated need for a reciprocating saw.

43.     The dangers presented by the defective design of the Product far exceed the dangers that a typical consumer would expect to be associated with a tool of this type.

## THE INCIDENT

44.     On March 19, 2022, Mr. Hendler, who is right-handed, purchased the Cuz-D Industries Straight Flush Saw from Amazon, which was directly placed and sold on the e-commerce website by Defendant Cuz-D Industries.

45.     The Product was not modified in any way prior to the subject incident.

46.     The condition of the Product on the day of the injury was substantially similar to its condition when it left the control of Defendants.

47.     On September 13, 2022, Mr. Hendler was using the Product in the course and scope of his work as a general contractor.

48.     On that day, Mr. Hendler used the Product to cut a wooden floor in a residence during a renovation project.

49.     While using the Product with its plastic dust collector in place, the dust collector contacted the blade and was rapidly ejected from the tool back towards Mr. Hendler, thereby resulting in a laceration on his forehead.

50.     Mr. Hendler left the broken dust collector off of the tool and continued to make his cut.

51.     While using the Product, it kicked back towards Mr. Hendler.  With no blade guards surrounding the unbraked blade, it tore into his left leg resulting in a near amputation.

52.     The blade sliced through Mr. Hendler's bones, tendons, arteries, nerves, and blood vessels, which caused severe and devastating injury to his left leg, as depicted in the X-ray below:



53.     Mr. Hendler was urgently transported to Temple University for emergency surgery to repair his severed leg.

54.     At the time of the accident, Mr. Hendler was thirty-four (34) years old and was the sole financial supporter of his wife, Heather, and their three (3) children.

55.     As a result of this incident, Mr. Hendler has suffered an agonizing and debilitating left leg injury ultimately causing crippling physical limitations, profound financial and emotional impact, and the requirement of future invasive surgeries including but not limited to allograft or autograft transplants.

56.     This accident would not have occurred but for the defects inherent in the design of the Product, of which Defendants were fully aware.

**AMAZON AS A SELLER PURSUANT TO §402 (a) RESTATEMENT SECOND OF TORTS**

57.     At all times material hereto, Defendant Amazon sold, distributed and/or placed the Cuz-D Industries Straight Flush saw into the steam of commerce for purchase by consumers in the Commonwealth of Pennsylvania.

58.     Defendant Amazon has multiple facilities and/or warehouses located within the Commonwealth of Pennsylvania from which it distributes products to residents of and within the state, specifically Mr. Hendler.

59.     At all times material hereto, Plaintiff Elliot Hendler purchased the Cuz-D Industries Straight Flush Saw which caused the incident from Defendant Amazon's website.

60.     At all times material hereto, Defendant Amazon sold the Cuz-D Industries Straight Flush Saw from its fulfillment center, in which it supplied and shipped the product directly to Mr. Hendler from its Amazon Warehouse.

61.     Defendant Amazon further sells "used" Cuz-D Industries Straight Flush Saws on its website which are sold and shipped directly from the Amazon Warehouse.

62.     At all times material hereto, Defendant Amazon did not merely accept orders and arrange the Cuz-D Industries Straight Flush Saw for shipment, but it also exerted substantial market control over the product by taking physical possession of products, fulfilling, supplying and shipping the product to consumers in "new" and "used" condition.

63.     Defendant Amazon is therefore a "seller" as defined by §402(a) of the Restatement (Second) of Torts and subject to strict liability for any damages to Plaintiff resulting from the defective product.

<u>**COUNT I**</u>
<u>**STRICT LIABILITY**</u>
*Plaintiff Elliot Hendler v. All Defendants*

64.     Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

65.     Defendants Cuz-D Manufacturing, Cuz-D Industries, Amazon, Jake Cuzdey and Kirk Davis are strictly liable in tort to Plaintiff pursuant to §402(a) of the Restatement (Second) of Torts, as adopted by the Courts of this Commonwealth as a designer, manufacturer and/or seller of the defective Product.

66.     The Product that injured Plaintiff was defective and dangerous.

67. The Product that injured Plaintiff reached its users without substantial change from the condition it was in when it left control of the Defendants.

68. The Product left the control of Defendants while lacking elements necessary to make it safe for its intended use.

69. As of the date of Plaintiff's injuries, there were numerous technically and economically feasible alternative designs available to Defendants to make the Product safe for its intended use.

70. The danger presented by the Product is unknowable and unacceptable to the average or ordinary consumer.

71. A reasonable person would conclude that the probability and seriousness of harm caused by the Product outweighs the burden or costs of taking precautions.

72. Pursuant to Tincher v. Omega Flex, Inc., 104 A.3d 328 (Pa. 2014), Plaintiff avers that the Produce is defective under the "consumer expectations test."

73. Pursuant to Tincher v. Omega Flex, Inc., 104 A.3d 328 (Pa. 2014), Plaintiff avers the Product is defective under the "risk-utility test."

74. The Product that injured Plaintiff was defective in that:

    a. The Product lacks suitable and complete cutting blade guards;

    b. The Product has zero guarding of the outside surface of the blade;

    c. The Product entirely fails to comply with 29 C.F.R. 1910.234(a)(1)(i), which specifically requires that all portable, power-driven circular saws having a blade diameter greater than two (2) inches shall be equipped with

guards above and below the base plate that cover the teeth of the cutting blade;

d. The incomplete and non-compliant retractable guard below the base plate is manually operated;

e. The incomplete and non-compliant retractable guard below the base plate cannot automatically return to the covering position when the blade is withdrawn from the workpiece;

f. The design of the incomplete and non-compliant retractable guard below the base plate requires the user to loosen his grip on the handle to release the guard lever at the precise moment that a user would be expected to tighten his grip to resist the force of a kickback;

g. The manual guard operation practically ensures that the guard will stay retracted during a kickback, in which the user tightens his grip to resist the force of the kickback;

h. The Product fails to comply with 29 C.F.R. 1910.234(a)(1)(i) which specifically requires that all portable, power-driven circular saws having a blade diameter greater than two (2) inches shall be equipped a retractable lower guard that "automatically and instantly returns to the covering position" when the tool is withdrawn from the workpiece;

i. The Product's large blade diameter makes it more prone to kickback, which significantly enhances the risk of injury from a completely unguarded cutting blade spinning at the rate of eighty-two (82) revolutions per second;

j.   The Product is ergonomically defective in that its flush cut feature for use against a wall, which is Defendants very advertised purpose for the tool's existence, requires a right-handed user to be in an awkward and unsafe position during use, a position that also exposes the user's legs to the unguarded blade during a kickback;

k.   The Product lacks an electric blade brake that would immediately stop the blade upon release of the trigger;

l.   The blade continues to spin at a high rate of speed for up to six (6) seconds after the tool is de-energized;

m.   The lack of a blade brake on an unguarded, large diameter circular saw with a manual lower guard and awkward ergonomics renders the Product radically dangerous to operate;

n.   The Product lacked adequate warnings of its regulatory non-compliance and the resulting dangers associated with the use of the Product;

o.   The Product lacked adequate warnings of its non-compliance with industry standards and the resulting dangers associated with the use of the Product;

p.   The Product fails to comply with OSHA regulations;

q.   The Product fails to comply with Underwriters Laboratory standards;

r.   The Product fails to comply with ANSI standards; and

s.   The Product fails to comply with industry safety standards.

75.   As a direct and proximate result of the aforementioned incident, Plaintiff has suffered injuries which are or may be serious and permanent in nature, including but not limited

to, near amputation of his left leg, severed and injured bones, severed and injured nerves; severed and injured tendons, severed and injured arteries, severed and injured ligaments; severed and injured muscles and soft tissue; scarring, embarrassment, humiliation, disfigurement, the need for invasive surgery to repair said injuries; weakness; loss of strength; limping; significant physical and emotional pain and suffering; loss of sleep; increased risk of medical complications; numbness; tingling; damage to the nervous system and other ailments that Plaintiff's physicians may diagnose.

76.    As a further direct and proximate result of the aforementioned incident, Plaintiff has been and will be forced to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend such sums or incur expenses for an indefinite time in the future.

77.    As a further and direct proximate result of the aforementioned incident, Plaintiff has suffered medically determinable physical and/or mental impairment which prevented Plaintiff from performing all or substantially all of the material acts and duties which constituted Plaintiff's usual and customary activities prior to the incident.

78.    As a further direct and proximate result of the aforementioned incident, Plaintiff has or may hereinafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover including, but not limited to, excess medical expenses.

79.    As a further direct and proximate result of the aforementioned incident, Plaintiff has suffered, and will in the future suffer, a loss of leisure time and a loss of life's pleasures.

80.    As a further direct and proximate result of the aforementioned incident, Plaintiff has suffered a loss of past, present, and future earnings and earning potential.

WHEREFORE, Plaintiff Elliot Hendler demands judgment against Defendants Cuz-D Manufacturing, Cuz-D Industries, Amazon, Jake Cuzdey and Kirk Davis in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with delay damages, interest, cost, and such other just and equitable relief as this Court deems proper.

**COUNT II**
**NEGLIGENCE**
**"Piercing the Corporate Veil"**
*Plaintiff Elliot Hendler v. Defendants Cuz-D Industries, Cuz-D Manufacturing, Jake Cuzdey and Kirk Davis*

81.    Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

82.    At all times material hereto, Defendants Cuzdey and Davis improperly used Cuz-D Industries as an "alter ego" constituting as a façade for operations of the dominant shareholders.

83.    At all times material hereto, Defendants Cuzdey and Davis jointly served as the owners, governors, directors, officers, and/or shareholders of Cuz-D Industries.

84.    At all times material hereto, Defendants Cuzdey and Davis functioned as the dominant and controlling officers and directors of Cuz-D Industries, and no other officers of this entity functioned independently of or contrary to their dictates.

85.    At all times material hereto, Defendants Cuzdey and Davis exercised control over the assets and business decisions of Cuz-D Industries as if the assets of the respective entity was their own.

86.    At all times material hereto, Defendant Cuz-D Industries was administratively dissolved and/or suspended by the State of Washington.

87.    Upon information and belief, Cuz-D Industries failed to observe corporate formalities, keep proper corporate records, and operate under proper business standards.

88.    Upon information and belief, Cuz-D Industries listed business address is vacant and is not operating as an active business.

89.    Upon information and belief, Defendant Cuzdey intermingled personal operations by using his personal cell phone number as the business phone number for Cuz-D Industries.

90.    Upon information and belief, Cuz-D Industries failed to maintain insurance coverage for bodily injuries caused by its defective products which is contractually required by Amazon.

91.    At all times material hereto, Defendants Cuzdey and Davis operated as an active business generating revenue after Cuz-D Industries was administratively dissolved.

92.    Despite the dissolution of the company, Defendant Cuz-D Industries continues to sell its product on Amazon to consumers for purchase and continues to receive revenue from sales.[1]

93.    As a result of the administrative dissolution, Defendant Cuz-D Industries lost its business entity rights, powers, and authority, yet still operates as an active business selling their product.

---

[1] On January 3, 2024, Plaintiffs' attorneys purchased an exemplar Cuz-D Straight Flush saw sold by Cuz-D Industries and Amazon. The straight flush saw was delivered in a box with Cuz-D Industries labeled on the package and a decal reading "Sold…by Amazon".

94.    At all times material hereto, Defendants Cuzdey and Davis misused the corporate forms of Cuz-D Industries for their own personal benefit.

95.    At all times material hereto, Defendants Cuzdey and Davis intermingled personal funds derived from the sales of Cuz-D Industries Straight Flush Saw after the dissolution of Cuz-D Industries.

96.    Defendants Cuzdey and Davis are personally liable for any judgment against Cuz-D Industries as a result of the aforementioned incident, which that entity is unable to pay due to administrative dissolution.

97.    Failure to pierce the corporate veil will result in substantial injustice in that Plaintiff will have no ability to achieve lawful compensation for his injuries caused from the dangerously defective saw manufactured, designed and sold by Defendant Cuz-D Industries.

98.    The incident at issue was caused by the negligent and careless conduct of Defendants, acting by and through their employees, agents, ostensible agents, servants, and work persons, and consisted, *inter alia*, of designing, manufacturing and selling a defectively designed product.

99.    More specifically, Defendants negligence and carelessness includes the following:

a.    Entirely failing to comply with design safety features that are required by OSHA regulations;

b.    Entirely failing to comply with design safety features standardized by ANSI;

c.   Entirely failing to comply with design safety features standardized by Underwriters Laboratory;

d.   Entirely failing to comply with design safety features standardized by industry standards;

e.   Failure to follow proper engineering practices;

f.   Failure to follow safety of design principles;

g.   Failure to properly test the product for risk of user injury;

h.   Failure to perform a failure mode analysis;

i.   Bringing a product to market without ensuring compliance with applicable regulations and other standards;

j.   Designing and selling a radically dangerous circular saw with regulatorily deficient guarding surrounding an unbraked large diameter blade;

k.   Designing and selling a radically dangerous circular saw with a largely exposed blade and completely ineffective manual lower guard;

l.   Designing and selling a radically dangerous circular saw that requires 90% of its user population (right-handed users) to be exposed to devastating injury when the unguarded and unbraked blade kicks back towards the user;

m.   Increasing the risk of harm to Mr. Hendler; and

n.   Is otherwise negligent in law and in fact.

100.    As a direct and proximate result of the aforementioned incident, Plaintiff has suffered injuries which are or may be serious and permanent in nature, including but not limited to, near amputation of his left leg, severed and injured bones, severed and injured nerves; severed and injured tendons, severed and injured arteries, severed and injured ligaments; severed and injured muscles and soft tissue; scarring, embarrassment, humiliation, disfigurement, the need for invasive surgery to repair said injuries; weakness; loss of strength; limping; significant physical and emotional pain and suffering; loss of sleep; increased risk of medical complications; numbness; tingling; damage to the nervous system and other ailments that Plaintiff's physicians may diagnose.

101.    As a further direct and proximate result of the aforementioned incident, Plaintiff has been and will be forced to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend such sums or incur expenses for an indefinite time in the future.

102.    As a further and direct proximate result of the aforementioned incident, Plaintiff has suffered medically determinable physical and/or mental impairment which prevented Plaintiff from performing all or substantially all of the material acts and duties which constituted Plaintiff's usual and customary activities prior to the incident.

103.    As a further direct and proximate result of the aforementioned incident, Plaintiff has or may hereinafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover including, but not limited to, excess medical expenses.

104.    As a further direct and proximate result of the aforementioned incident, Plaintiff has suffered, and will in the future suffer, a loss of leisure time and a loss of life's pleasures.

105.    As a further direct and proximate result of the aforementioned incident, Plaintiff has suffered a loss of past, present, and future earnings and earning potential.

WHEREFORE, Plaintiff Elliot Hendler demands judgment against Defendants Cuz-D Manufacturing, Cuz-D Industries, Jake Cuzdey and Kirk Davis in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with delay damages, interest, cost, and such other just and equitable relief as this Court deems proper.

## COUNT III
## NEGLIGENCE
### *Plaintiff Elliot Hendler v. Defendant Amazon*

106.    Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

107.    The incident at issue was caused by the negligent and careless conduct of Defendant, acting by and through their employees, agents, ostensible agents, servants, and work persons, and consisted, *inter alia*, of selling and distributing a defectively designed product.

108.    More specifically, Defendant's negligence and carelessness includes the following:

    a.    Distributing a product to market without ensuring compliance with applicable regulations and other standards;

    b.    Distributing a product to market without verifying compliance with applicable regulations and other standards;

    c.    Selling a product to consumers without ensuring compliance with applicable regulations and other standards;

d. Selling a product to consumers without verifying compliance with applicable regulations and other standards;

e. Failing to inspect a product to ensure compliance with applicable regulations and other standards before sale and/or distribution;

f. Failing to test a product to ensure compliance with applicable regulations and other standards before sale and/or distribution;

g. Allowing a product to enter the stream of commerce in dangerous condition;

h. Increasing the risk of harm to Mr. Hendler; and

i. Is otherwise negligent in law and in fact.

109. As a direct and proximate result of the aforementioned incident, Plaintiff has suffered injuries which are or may be serious and permanent in nature, including but not limited to, near amputation of his left leg, severed and injured bones, severed and injured nerves; severed and injured tendons, severed and injured arteries, severed and injured ligaments; severed and injured muscles and soft tissue; scarring, embarrassment, humiliation, disfigurement, the need for invasive surgery to repair said injuries; weakness; loss of strength; limping; significant physical and emotional pain and suffering; loss of sleep; increased risk of medical complications; numbness; tingling; damage to the nervous system and other ailments that Plaintiff's physicians may diagnose.

110. As a further direct and proximate result of the aforementioned incident, Plaintiff has been and will be forced to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend

such sums or incur expenses for an indefinite time in the future.

111.   As a further and direct proximate result of the aforementioned incident, Plaintiff has suffered medically determinable physical and/or mental impairment which prevented Plaintiff from performing all or substantially all of the material acts and duties which constituted Plaintiff's usual and customary activities prior to the incident.

112.   As a further direct and proximate result of the aforementioned incident, Plaintiff has or may hereinafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover including, but not limited to, excess medical expenses.

113.   As a further direct and proximate result of the aforementioned incident, Plaintiff has suffered, and will in the future suffer, a loss of leisure time and a loss of life's pleasures.

114.   As a further direct and proximate result of the aforementioned incident, Plaintiff has suffered a loss of past, present, and future earnings and earning potential.

WHEREFORE, Plaintiff Elliot Hendler demands judgment against Defendant Amazon in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with delay damages, interest, cost, and such other just and equitable relief as this Court deems proper.

**<u>COUNT IV</u>**
**<u>BREACH OF CONTRACT-THIRD PARTY BENEFICIARY</u>**
***Plaintiff Elliot Hendler v. Defendants Cuz-D Industries, Cuz-D Manufacturing, Jake Cuzdey and Kirk Davis***

115.   Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

116.   At all times material hereto, Defendants Cuz-D Industries, Cuz-D Manufacturing, Jake Cuzdey and Kirk Davis ("Defendants") entered into a Business Solutions Agreement

("BSA") with Defendant Amazon which is a policy between Amazon Sellers and Amazon that governs the transactions and conduct on Amazon's platform. The BSA allows Defendants to place the Cuz-D Industries Straight Flush Saw directly on Amazon's e-commerce website.

117. Pursuant to Federal Rule of Civil Procedure 8(a), a Plaintiff pleading breach of contract in federal court does not need to attach the contract to the complaint. Notice pleading under FRCP 8(a) permits allegations concerning governing documents, even if they are not attached to the Complaint. Rule 8(a) further permits a plaintiff to assert the existence of an express, written contract, either by setting it forth verbatim in the complaint, attaching a copy as an exhibit, or pleading it according to its legal effect.

118. At all times material hereto, Mr. Hendler was a third party beneficiary to the BSA between Defendants and Amazon and therefore does not have access to the agreement or a copy of the agreement.

119. Upon information and belief, the terms of the BSA between Defendants and Amazon explicitly state "this Agreement and all of the representations, warranties, conditions, and provisions in this Agreement **are intended to be and are for the sole and exclusive benefit of Amazon, you (e.g. Defendants), and customers."**

120. In order for a third party beneficiary to have standing to recover on a contract, both contracting parties must have expressed an intention that the third party be a beneficiary, and the intention must have affirmatively appeared in the contract itself. Scarpitti v. Weborg, 609 A.2d 147, 149 (Pa. 1992).

121.    At all times material hereto, Plaintiff Elliot Hender was an intended third party beneficiary to the BSA between Defendants and Amazon as the terms of the contract explicitly express the intention to benefit consumers.

122.    At all times material hereto, Plaintiff Elliot Hendler was a consumer for the purposes of the terms of the BSA, who purchased Defendants product on March 19, 2022, from Amazon.

123.    Upon information and belief, the terms of the BSA required Defendants to maintain liability insurance, produce a copy of liability insurance, and ensure that their product, the Straight Flush Saw, complies with all applicable laws and standards.

124.    Defendants breached the express language of the BSA as follows:

(a)    Failing to maintain liability insurance and covering liabilities caused by or occurring in conjunction with the operation of business, including products, products/completed operations and bodily injuries;

(b)    Failing to ensure product complies with all applicable laws, regulations and industry standards; and

(c)    Failing to maintain a business license.

125.    As a direct and proximate result of Defendants breach, Plaintiff has suffered compensatory damages in the form of past and future medical expenses for treatment of Mr. Hendler's injuries as enumerated above and adopted herein.

WHEREFORE, Plaintiff Elliot Hendler demands judgment against Defendants Cuz-D Manufacturing, Cuz-D Industries, Jake Cuzdey and Kirk Davis in an amount in excess of One

Hundred Fifty Thousand Dollars ($150,000.00), together with delay damages, interest, cost, and such other just and equitable relief as this Court deems proper.

**COUNT V**
**BREACH OF CONTRACT-THIRD PARTY BENEFICIARY**
*Plaintiff Elliot Hendler v. Defendant Amazon*

126.    Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

127.    At all times material hereto, Defendant Amazon entered into a Business Solutions Agreement ("BSA") with Defendants Cuz-D Industries, Cuz-D Manufacturing, Jake Cuzdey and Kirk Davis ("Cuz-D Defendants") which is a policy between Amazon and Amazon Sellers that governs the transactions and conduct on Amazon's platform. The BSA allows the Cuz-D Defendants to place the Cuz-D Industries Straight Flush Saw directly on Amazon's e-commerce website.

128.    Pursuant to Federal Rule of Civil Procedure 8(a), a Plaintiff pleading breach of contract in federal court does not need to attach the contract to the complaint. Notice pleading under FRCP 8(a) permits allegations concerning governing documents, even if they are not attached to the Complaint. Rule 8(a) further permits a plaintiff to assert the existence of an express, written contract, either by setting it forth verbatim in the complaint, attaching a copy as an exhibit, or pleading it according to its legal effect.

129.    At all times material hereto, Mr. Hendler was a third party beneficiary to the BSA between Defendant Amazon and the Cuz-D Defendants and therefore does not have access to the agreement or a copy of the agreement.

130.    Upon information and belief, the terms of the BSA between Defendant Amazon and the Cuz-D Defendants explicitly state "this Agreement and all of the representations,

warranties, conditions, and provisions in this Agreement **are intended to be and are for the sole and exclusive benefit of Amazon, you (e.g. Cuz-D Defendants), and customers."**

131.    In order for a third party beneficiary to have standing to recover on a contract, both contracting parties must have expressed an intention that the third party be a beneficiary, and the intention must have affirmatively appeared in the contract itself. Scarpitti v. Weborg, 609 A.2d 147, 149 (Pa. 1992).

132.    At all times material hereto, Plaintiff Elliot Hender was an intended third party beneficiary to the BSA between Defendant Amazon and the Cuz-D Defendants as the terms of the contract explicitly express the intention to benefit consumers.

133.    At all times material hereto, Plaintiff Elliot Hendler was a consumer for the purposes of the terms of the BSA, who purchased the Cuz-D Defendants product on March 19, 2022, from Amazon.

134.    Upon information and belief, the terms of the BSA required Defendant Amazon to ensure that the Cuz-D Defendants maintained liability coverage naming Amazon and its assignees as additional insureds to the policy and ensure that the Cuz-D Defendants' product, the Straight Flush Saw, complies with all applicable laws and standards.

135.    Defendant Amazon breached the express language of the BSA as follows:

(a)    Failing to ensure that the Cuz- D Defendants maintained liability insurance naming Amazon and its assignees as additional insureds and covering liabilities caused by or occurring in conjunction with the operation of business, including products, products/completed operations and bodily injuries;

(b)    Failing to ensure that the Cuz-D Defendants' product complies with all applicable laws, regulations and industry standards; and

(c)    Failing to ensure that the Cuz-D Defendants maintained a business license.

136.    As a direct and proximate result of Defendant Amazon's breach, Plaintiff has suffered compensatory damages in the form of past and future medical expenses for treatment of Mr. Hendler's injuries as enumerated above and adopted herein.

WHEREFORE, Plaintiff Elliot Hendler demands judgment against Defendant Amazon in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with delay damages, interest, cost, and such other just and equitable relief as this Court deems proper.

**COUNT VI**
**LOSS OF CONSORTIUM**
***Plaintiff Heather Hendler v. All Defendants***

137.    Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

138.    Plaintiff has lost the usual support, society, comfort, and economic support of her husband as a direct and proximate result of negligence and carelessness of Defendant, and has been and may continue to be deprived of the consortium, assistance, companionship, and useful services of her husband, has been required to provide special services to care for him, and has in the past, is presently, and will in the future be caused to expend sums of money for medical treatment for him, all of which may continue for an indefinite time into the future and all of which has been to her financial detriment and loss.

WHEREFORE, Plaintiff Heather Hendler demands judgment against Defendants Cuz-D Manufacturing, Cuz-D Industries, Amazon, Jake Cuzdey and Kirk Davis in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with delay damages, interest, cost, and such other just and equitable relief as this Court deems proper.

**VILLARI, LENTZ & LYNAM, LLC**

BY: */s/ Thomas A. Lynam*
      THOMAS A. LYNAM, III, ESQUIRE
      LEONARD G. VILLARI, ESQUIRE
      Attorneys for Plaintiff
      Attorney ID Nos. 83817/68844
      100 North 20th Street, Suite 302
      Philadelphia, PA 19103
      (215) 568-1990
      (215) 568-1920 (fax)
      tlynam@vll-law.com/lgvillari@aol.com

**SMITH, MIRABELLA, BLAKE**

BY: */s/ Gregory A. Smith*
      GREGORY A. SMITH, ESQUIRE
      Attorney for Plaintiff
      Attorney ID No. 84189
      100 North 20th Street, Suite 303
      Philadelphia, PA 19103
      (215) 422-4100
      (215) 422-4101
      gsmith@smblawfirm.com

Date:  February 13, 2024